# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANTANDER CONSUMER USA, INC., | : | CASE NO: |
| | : | 1:24-cv-00620-CCC |
| *Plaintiff* | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| THE CITY OF HARRISBURG, PA and SP PLUS CORPORATION, | : | Honorable Daryl F. Bloom |
| | : | |
| *Defendants* | : | |

## **ORDER**

And now, this _____ day of _____ 2025, upon consideration of City of Harrisburg's motion under Fed. R. Civ. P. 12(b)(6) to dismiss Counts IV and V of the amended complaint and plaintiff's response to the motion, it is ordered that the motion is hereby granted. Counts IV and V of the amended complaint are dismissed with prejudice for failure to state a claim upon which relief can be granted.

_____, J

18374682-1

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANTANDER CONSUMER USA, INC., | : | CASE NO: |
| | : | 1:24-cv-00620-CCC |
| *Plaintiff* | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| THE CITY OF HARRISBURG, PA and SP PLUS CORPORATION | : | Honorable Daryl F. Bloom |
| | : | |
| *Defendants* | : | |

## CITY OF HARRISBURG'S MOTION
## TO DISMISS COUNTS IV AND V OF THE AMENDED COMPLAINT
## UNDER FED. R. CIV. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), City of Harrisburg hereby moves the Court to dismiss Counts IV and V of Santander Consumer USA's amended complaint for failure to state claims upon which relief can be granted. In support of this motion, City of Harrisburg avers the following:

### Count IV

1. Santander Consumer USA ("Santander") alleges that the City of Harrisburg is liable under 42 U.S.C. §1983 for authorizing the towing and impoundment of a motor vehicle in which Santander held a first priority lien without providing Santander with notice and an opportunity to be heard before disposing of the towed vehicle.

2. In Count IV of the amended complaint Santander predicates a claim under 42 U.S.C. §1983 upon Harrisburg's alleged violation of the Interstate Commerce Act as amended by the FAA Authorization Act of 1964 and the ICC Termination Act of 1995, 49 U.S.C. §14501(c)(1). *Amended Complaint* (ECF No. 27) ¶¶ 90 – 95.

3. Section 14501(c)(1) provides that "a State [or] political subdivision of a State … may not enact or enforce a law, regulation or other provision having the force and effect of law relating to a price, route, or service of any motor carrier … with respect to the transportation of property."

4. Santander alleges that Harrisburg's "violation of Santander's federal right to be free from state law claims impacting towing services was accomplished in accordance with Harrisburg and SP Plus's standard policy and/or custom for handling towed vehicles." *Amended Complaint* ¶93.

5. A municipal policy or custom is not "a law, regulation or other provision having the force and effect of law" within the meaning of section 14501(c)(1). *Kustom Automotive Recovery v. Village of Lyons,* 1998 U.S. Dist. LEXIS 19585 (N.D. Ill. 1998).

6. The amended complaint fails to state a claim that City of Harrisburg violated 49 U.S.C. §14501(c)(1).

7. The alleged policy or custom followed by Harrisburg in allowing the towing company to assert a lien against the vehicle and dispose of the vehicle without notice to other lienholders does not relate to "price, route or service … with respect to the transportation of property" under §14501(c)(1).

8. The amended complaint fails to state a claim that City of Harrisburg violated 49 U.S.C. §14501(c)(1).

9. "In order to seek redress through §1983 … a plaintiff must assert the violation of a federal *right* not merely a violation of federal law." *Blessing v. Freestone,* 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed. 2d 569 (1997) (emphasis in opinion). "Although federal statutes have the potential to create section 1983-enforceable rights, they do not do so as a matter of course." *Federal Law Enforcement Officers Association v. Attorney General of New Jersey,* 93 F. 4th 122, 128 (3d Cir. 2024) citing *Health & Hospital Corp. of Marion County v. Talevski,* 599 U.S. 166, 183, 143 S. Ct. 1444, 216 L.Ed.2d 183 (2023). In order to determine if a federal statute creates a right enforceable under 28 U.S.C. §1983 the Court must ascertain whether Congress has "unambiguously conferred" individual rights on a class of beneficiaries to which the plaintiff belongs. *Gonzaga University v. Doe,* 536 U.S. 273, 283, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002).

10. Congress' purpose in enacting section 14501(c) was to "eliminate overlapping state and municipal regulations which increased costs, decreased

efficiency, and reduced competition and innovation in the towing services industry." *Stucky v. City of San Antonio,* 260 F. 3d 424, 431 (5th Cir. 2001), *abrogated on other grounds, City of Columbus v. Ours Garage and Wrecker Service, Inc.,* 536 U.S. 424, 122 S. Ct. 2226, 153 L. Ed 2d 430 (2002). In enacting section 14501(c) Congress did not "unambiguously confer" constitutional or statutory rights enforceable under 28 U.S.C. §1983 upon lending institutions asserting liens on towed vehicles.

11. Santander's amended complaint fails to state a claim for relief under 28 U.S.C. §1983 predicated on an alleged violation of 49 U.S.C. §14501(c)(2).

Wherefore, City of Harrisburg respectfully moves the court to dismiss Count IV of the amended complaint for failure to state a claim upon which relief can be granted.

## Count V

1. In Count V of the amended complaint Santander seeks equitable relief for Harrisburg's alleged violation of the Remedies Clause in Article I Section 11 of the Pennsylvania Constitution.

2. Article I Section 11 provides that "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law and right and justice administered without sale, denial or delay."

18374682-1

3. The right to "due course of law" provides a constitutional guarantee of legal remedies "for private injuries by one person against another through the state's judicial system." *Konidaris v. Portnoff Law Associates,* 598 Pa. 55, 71, 953 A. 2d 1231, 1239 (2008).

4. As evidenced by this pending litigation, Santander has not been deprived of the opportunity to seek a judicial remedy for its claimed injury.

5. The amended complaint does not state a claim for equitable relief premised on a violation of Article I Section 11 of the Pennsylvania Constitution.

6. In Count V Santander seeks a Declaration that an unidentified "self-operating, summary local or state law" violates Article I Section 11 of the Pennsylvania Constitution.

7. Santander does not identify the self-operating, summary local or state law it seeks to have declared unconstitutional. The vague and conclusory averment that some unidentified local or state law in some fashion violates Article I Section 11 of the Pennsylvania Constitution fails to frame a justiciable issue for the court to address, fails to allow for a meaningful response by the City, and therefore fails to state a claim upon which equitable relief can be granted.

Wherefore, City of Harrisburg moves the Court to dismiss Count V of Santander's amended complaint for failure to state a claim upon which relief can be granted.

**RAWLE & HENDERSON LLP**

By: _____
Fred B. Buck, Esquire
Identification No. 31642
Centre Square West
1500 Market Street, 19th Floor
Philadelphia, PA 19102
215-575-4200
*fbuck@rawle.com*
*Attorney for Defendant,*
*The City of Harrisburg*

Dated: January 31, 2025.

18374682-1

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANTANDER CONSUMER USA, INC., | : | CASE NO: |
| | : | 1:24-cv-00620-CCC |
| *Plaintiff* | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| THE CITY OF HARRISBURG, PA and DON'S TOWING, | : | Honorable Daryl F. Bloom |
| | : | |
| *Defendants* | : | |

### CERTIFICATE OF NON-CONCURRENCE

As required by Local Rule of Civil Procedure 7.1 undersigned counsel hereby certifies that he consulted with counsel for plaintiff, Micah Brown, Esq. Mr. Brown does not concur in the relief sought in this motion.

**RAWLE & HENDERSON LLP**

By: _/s/ Fred B. Buck_

Fred B. Buck, Esquire
Identification No. 31642
Centre Square West
1500 Market Street, 19th Floor
Philadelphia, PA  19102
215-575-4200
*fbuck@rawle.com*
*Attorney for Defendant,*
*The City of Harrisburg*

Dated: January 31, 2025.

#18374682-1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANTANDER CONSUMER USA, INC., | : | CASE NO: |
| | : | 1:24-cv-00620-CCC |
| *Plaintiff* | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| THE CITY OF HARRISBURG, PA and DON'S TOWING, | : | |
| | : | |
| *Defendants* | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the partial motion to dismiss was filed electronically with the Clerk of the District Court using its CM/ECF system, which will then electronically notify counsel for the plaintiff who is a CM/ECF participant.

**RAWLE & HENDERSON** LLP

By: *[signature]*
Fred B. Buck, Esquire
Identification No. 31642
Centre Square West
1500 Market Street, 19th Floor
Philadelphia, PA  19102
215-575-4200
*fbuck@rawle.com*
*Attorney for Defendant,*
*The City of Harrisburg*

Dated:  January 31, 2025.

#18374682-1