## IN THE UNITED STATES DISTRCT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANTANDER CONSUMER USA,
INC.

     *Plaintiff,*

v.

THE CITY OF HARRISBURG, PA,
and SP PLUS CORPORATION,

     *Defendants.*

Civil Case No.: 1:24-CV-00620-DFB

(Chief Magistrate Judge Bloom)

## DEFENDANT SP PLUS CORPORATION'S ANSWER TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, SP Plus, LLC (formerly known as SP Plus Corporation) ("Defendant" or "SP Plus"), by and through its undersigned counsel, hereby submits this Answer with Affirmative Defenses to the Second Amended Complaint filed by Plaintiff, Santander Consumer USA, Inc. ("Plaintiff" or "Santander").

## NATURE OF ACTION

1.    Denied. SP Plus denies the allegations and conclusions contained in the introductory paragraphs of the Second Amended Complaint (the "SAC"), including any characterizations of the claims, parties, or alleged conduct of the parties. By way of further response, SP Plus denies that Plaintiff is entitled to any relief on its claims.

2.     Denied.  SP Plus denies the allegations and conclusions contained in the introductory paragraphs of the SAC, including any characterizations of the claims, parties, or alleged conduct of the parties.  By way of further response, SP Plus denies that Plaintiff is entitled to any relief on its claims.

3.     Denied.  SP Plus denies the allegations and conclusions contained in the introductory paragraphs of the SAC, including any characterizations of the claims, parties, or alleged conduct of the parties.  By way of further response, SP Plus denies that Plaintiff is entitled to any relief on its claims.

## JURISDICTION AND VENUE

4.     Admitted in part, denied in part.  SP Plus admits that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") and that Section 1983 claims fall within the grant of jurisdiction of this Court.  SP Plus denies this paragraph insofar as Plaintiff no longer includes any claims pursuant to 42 U.S.C. § 1988 or state law claims in its operative pleading, the SAC.  By way of further response, SP Plus denies that it has deprived Plaintiff its rights under the Fourth, Fifth, or Fourteenth Amendments.

5.     Denied.  SP Plus denies this paragraph insofar as Plaintiff no longer includes any state law claims in its operative pleading, the SAC.

6.     Admitted.

## PARTIES

7.      Admitted in part, denied in part.  SP Plus admits that Santander is the Plaintiff in this action.  SP Plus denies the remainder of this paragraph to the extent it concerns information related to Plaintiff which is outside the knowledge of SP Plus.  Accordingly, SP lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

8.      Admitted in part, denied in part. SP Plus admits that the City of Harrisburg is named as a Defendant in this action. SP Plus denies the remainder of this paragraph to the extent it concerns the information related to another defendant which is outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

9.      Denied as stated. Defendant SP Plus, LLC (formerly known as SP Plus Corporation) is a limited liability company that is incorporated in the State of Delaware.  SP Plus is, among other things, a provider of parking management services for the Commonwealth of Pennsylvania.

## FACTS

10.    Denied.  The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party.  SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore

denies them with strict proof demanded at the time of trial. By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

11.    Denied.

12.    Denied. SP Plus denies this paragraph to the extent that it improperly characterizes SP Plus as the "primary entity responsible for enforcement of parking regulations in Harrisburg." By way of further response, this allegation is a broad and conclusory characterization, as parking enforcement in the City of Harrisburg involves multiple governmental and quasi-governmental actors with overlapping roles. SP Plus lacks knowledge or information sufficient to form a belief as to the complete scope of those other entities' responsibilities and, on that basis, denies these allegations.

13.    Denied. The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party. SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial. By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

14.    Denied. SP Plus denies this paragraph to the extent that it improperly characterizes the coordination of parking regulations and parking enforcement in the

City of Harrisburg. By way of further response, parking regulations and enforcement in the City of Harrisburg involves multiple entities, including the Commonwealth and/or other third parties, which may separately engage with the City and/or City officials. SP Plus lacks knowledge or information sufficient to form a belief as to the full extent of such coordination and, therefore, denies these allegations with strict proof demanded at the time of trial.

15. Denied. SP Plus denies this paragraph to the extent that it improperly characterizes SP Plus and the City of Harrisburg as joint actors that perform a function traditionally reserved for the state. By way of further response, SP Plus denies this paragraph to the extent it contains a question of law to which no response is required.

16. Denied. This paragraph concerns the conduct, knowledge, or intentions of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

17. Denied. This paragraph concerns the conduct, knowledge, or intentions of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

18. Denied. This paragraph concerns the conduct, knowledge, or intentions

of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

19.    Denied. This paragraph concerns the conduct, knowledge, or intentions of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

20.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

21.    Denied.  The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party.  SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial.  By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

22.    Denied.  SP Plus denies this paragraph to the extent that it improperly characterizes SP Plus as taking custody of the subject vehicle by placing a mechanical boot on it.  Upon information and belief, any physical placement of the boot was carried out by other personnel.  To the extent that this paragraph implies that SP Plus's participation in enforcement activities is inconsistent with applicable

policies, procedures, or customs and/or that SP Plus's policies, procedures, or customs are unlawful, the allegations of this paragraph are denied with strict proof demanded at the time of trial.

23.    Denied.  SP Plus denies this paragraph to the extent that it improperly characterizes the subject vehicle as being parked legally.  The determination of what constitutes legal parking status is governed by applicable codes and ordinances established by other entities.  Accordingly, SP Plus is not the authority responsible for defining those standards.  To the extent that this paragraph implies that SP Plus's procedures, policies, or customs are unlawful, the allegations of this paragraph are denied with strict proof demanded at the time of trial.  By way of further response, SP Plus denies this paragraph, as it contains a question of law to which no response is required.

24.    Denied.  This paragraph refers to a written document that speaks for itself, the contents of which are memorialized therein.  To the extent that Plaintiff's characterizations are contrary to or differ from the document, SP Plus denies all characterizations thereof.

25.    Denied. This paragraph concerns the conduct, knowledge, or intentions of Plaintiff or a third party which are outside the knowledge of SP Plus.  Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

26.    Denied. This paragraph concerns the conduct, knowledge, or intentions of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

27.    Denied as stated.  SP Plus denies the characterization of its role and actions as set forth in this paragraph.  To the extent that this paragraph implies that SP Plus's participation in enforcement activities is inconsistent with applicable procedures, policies, or customs, and/or that SP Plus's procedures, policies, or customs are unlawful, the allegations of this paragraph are denied with strict proof demanded at the time of trial.  By way of further response, SP Plus denies this paragraph to the extent it contains a question of law to which no response is required.

28.    Denied. This paragraph concerns the conduct, knowledge, or intentions of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

29.    Denied. This paragraph concerns the conduct, knowledge, or intentions of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

30.    Denied. This paragraph concerns the conduct, knowledge, or intentions

of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial. By way of further response, SP Plus denies this paragraph to the extent that it is a legal conclusion to which no response is required.

31.    Denied. The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party. SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial. By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

32.    Denied. The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party. SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial. By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

33.    Denied. The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party. SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore

denies them with strict proof demanded at the time of trial. By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

34.    This paragraph contains a conclusion of law to which no response is required. To the extent a response is required, denied.

35.    This paragraph contains a conclusion of law to which no response is required. To the extent a response is required, denied.

36.    Denied. The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party. SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial. By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

37.    Denied. The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party. SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial. By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

38.    Denied. The allegations in this paragraph concern the alleged actions,

conduct, or liability of another defendant or third party.  SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial.  By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

39.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

40.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied..

41.    Denied.  The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party.  SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial.  By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

42.    Denied.  SP Plus denies this paragraph to the extent that it improperly characterizes the coordination of parking regulations and enforcement in the City of Harrisburg.  By way of further response, parking regulations and enforcement in the City of Harrisburg involve multiple entities, including the Commonwealth and/or other third parties, which may separately engage with the City and/or City officials.

SP Plus lacks knowledge or information sufficient to form a belief as to the full extent of such coordination and, therefore, denies these allegations with strict proof demanded at the time of trial.

43.    Denied.  The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party.  SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial.  By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

44.    Denied.  The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party.  SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial.  By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

45.    Denied.  The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party.  SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial.  By way of further response, SP Plus denies any implication that it is responsible for the acts or

omissions of any other individual or entity.

46.    Denied.  The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party.  SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial.  By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

47.    Denied.  The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party.  SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial.  By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

48.    Denied.  The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party.  SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial.  By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

49.    Denied.  The allegations in this paragraph concern the alleged actions,

conduct, or liability of another defendant or third party. SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial. By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

50.    Denied. The allegations in this paragraph concern the alleged actions, conduct, or liability of another defendant or third party. SP Plus lacks sufficient information and knowledge to form a belief in the truth of the same and therefore denies them with strict proof demanded at the time of trial. By way of further response, SP Plus denies any implication that it is responsible for the acts or omissions of any other individual or entity.

51.    Denied. SP Plus denies this paragraph to the extent that it improperly characterizes the relationship between SP Plus and tow operators. SP Plus further denies this paragraph to the extent that it improperly characterizes the benefits received by SP Plus from tow operators. By way of further response, to the extent this paragraph concerns the alleged actions, conduct, or liability of another defendant or third party, SP Plus lacks sufficient information and knowledge to form a truth of the same and therefore denies them with strict proof demanded at the time of trial.

52.    This paragraph contains a conclusion of law to which no response is required. To the extent a response is required, denied.

53.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

54.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

55.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

56.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

57.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

## COUNT I
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (Deprivation of Property by Unreasonable Seizure)
### (as against all Defendants)

58.    SP Plus hereby incorporates the preceding paragraphs as though the same were fully set forth herein.

59.    Denied. This paragraph concerns the conduct, knowledge, or intentions of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

60.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

15

61.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

62.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

63.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

64.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

65.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

66.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

67.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

**WHEREFORE**, for the foregoing reasons, SP Plus denies any wrongdoing with respect to Plaintiff's claims and respectfully requests that the Second Amended Complaint be dismissed with prejudice, that judgment be entered in favor of SP Plus, and SP Plus be awarded such further relief as this Court deems just and proper.

<u>**COUNT II**</u>
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Deprivation of Property Without Due Process of Law)**
**(as against all Defendants)**

68.    SP Plus hereby incorporates the preceding paragraphs as though the same were fully set forth herein.

69.    Denied. This paragraph concerns the conduct, knowledge, or intentions of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

70.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

71.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

72.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

73.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

74.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

75.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

76.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

77.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

78.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

**WHEREFORE**, for the foregoing reasons, SP Plus denies any wrongdoing with respect to Plaintiff's claims and respectfully requests that the Second Amended Complaint be dismissed with prejudice, that judgment be entered in favor of SP Plus, and SP Plus be awarded such further relief as this Court deems just and proper.

<u>**COUNT III**</u>
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Taking of Property Without Just Compensation)**
**(as against Harrisburg)**

79.    SP Plus hereby incorporates the preceding paragraphs as though the same were fully set forth herein.

80.    Denied. This paragraph concerns the conduct, knowledge, or intentions of Plaintiff or a third party which are outside the knowledge of SP Plus. Accordingly, SP Plus lacks sufficient information to admit or deny the allegations and therefore denies them with strict proof demanded at the time of trial.

81.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

82.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

83.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

84.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

85.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

86.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

87.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

88.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

89.    This paragraph contains a conclusion of law to which no response is required.  To the extent a response is required, denied.

**WHEREFORE**, for the foregoing reasons, SP Plus denies any wrongdoing with respect to Plaintiff's claims and respectfully requests that the Second Amended Complaint be dismissed with prejudice, that judgment be entered in favor of SP Plus, and SP Plus be awarded such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

SP Plus states the following defenses and reserves its right to assert other and additional defenses, cross claims and third-party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, SP Plus does not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

SP Plus denies personal involvement in the alleged unconstitutional conduct, which is a necessary element of liability under 42 U.S.C. § 1983 ("Section 1983").

### THIRD AFFIRMATIVE DEFENSE

SP Plus is not a state actor, nor did it act under color of state law, as required to maintain a Section 1983 claim.

### FOURTH AFFIRMATIVE DEFENSE

Any actions taken by SP Plus were performed in good faith, with no intent to violate Plaintiff's constitutional rights.

### FIFTH AFFIRMATIVE DEFENSE

SP Plus acted at all relevant times in accordance with applicable statutes,

ordinances, and regulations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's own conduct caused or contributed to the alleged harm and bars or reduces recovery.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged conduct does not rise to the level of a constitutional violation under the applicable standards.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's alleged damages were caused by individuals or entities other than SP Plus, liability is not proper.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of laches, estoppel, waiver, and/or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants are entitled to offset monies or other consideration paid or provided to

Plaintiff by Co-Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, SP Plus respectfully requests that:

A.     Plaintiff take nothing by way of its Second Amended Complaint, and the action be dismissed with prejudice;

B.     Judgment be entered in favor of SP Plus and against Plaintiff with respect to all causes of action in the Second Amended Complaint;

C.     The Court award SP Plus its attorneys' fees and all other costs reasonably incurred in the defense of this action; and

D.     The Court award SP Plus such other relief as the Court may deem just and proper.

Respectfully submitted,

  _/s/ Mark A. Kasten_____
Mark A. Kasten (PA ID No. 316387)
Jayme C. Bronson (PA ID No. 325481)
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Tel: (215) 665-8700
Fax: (215) 665-8760
mark.kasten@bipc.com
jayme.bronson@bipc.com
*Counsel for Defendant SP Plus Corporation*

Date:  May 20, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 20, 2025, I filed the foregoing document via

CM/ECF which will send a copy to all counsel of record, including:

Nicholas A. Duston
Rebecca J. Price
Micah Brown
*Norris McLaughlin, PA*
515 W. Hamilton Street, Suite 502
Allentown, PA 180101
naduston@norris-law.com
rprice@norris-law.com
mbrown@norris-law.com
*Attorneys for Plaintiff*

Fred B. Buck
*Rawle & Henderson LLP*
1500 Market Street
Ste. 19th Floor
Philadelphia, PA 19102
fbuck@rawle.com
*Attorney for Defendant The City of Harrisburg, PA*

          */s/ Mark Kasten*
          Mark Kasten

Date: May 20, 2025