**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SANTANDER CONSUMER USA, INC., | : | CASE NO: |
| | : | 1:24-cv-00620-CCC |
| *Plaintiff* | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| THE CITY OF HARRISBURG, PA and DON'S TOWING, | : | |
| | : | |
| *Defendants* | : | |

**CITY OF HARRISBURG'S ANSWER TO SECOND**
**AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

1.      Admitted that the City of Harrisburg through the Harrisburg Bureau of Police under the powers expressly conferred upon them by the Commonwealth of Pennsylvania, confiscates vehicles in the course of carrying out certain law enforcement activities involving criminal investigations and otherwise may cause a licensed salvor to remove a vehicle from public streets when authorized by law and under certain conditions from private property. Denied that the City of Harrisburg allows either a salvor or towing company to sell vehicles, other than by using an entity storing a vehicle acting in compliance with §7210 of the Uniform Commercial Code which requires the entity vested with a warehouse lien to notify all persons known to claim an interest in the goods. Denied that SP Plus is the City of

Harrisburg's subcontractor for parking enforcement. There is no contract between the City of Harrisburg and SP Plus for parking enforcement.

2. Denied.

3. Denied. The City of Harrisburg did not seize the vehicle at issue or direct another party to do so.

## JURISDICTION AND VENUE

4. Admitted that this purports to be a civil rights action under 42 U.S.C. §§1983 and 1988 and that federal subject matter jurisdiction over civil rights matters is conferred by 28 U.S.C. §§1343(a)(3) and (4) and 42 U.S.C. §1331. Denied that the City of Harrisburg deprived Santander its rights under the Fourth, Fifth or Fourteenth Amendments.

5. Santander asserts no state law claims against City of Harrisburg in its second amended complaint and this averment is therefore denied.

6. Admitted.

## PARTIES

7. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

8. Admitted that the City of Harrisburg is a City organized and existing under the laws of the Commonwealth of Pennsylvania. Denied that the City of

Harrisburg has sole or exclusive control over the enforcement of outstanding parking citations issued within the boundaries of the City.

9. Admitted.

10. Denied. City of Harrisburg did not enter into a Parking Enforcement Agreement with PK Harris Advisors in December of 2013 or at any other time. As part of City of Harrisburg's reorganization under the Municipalities Financial Recovery Act and pursuant to an Intergovernmental Cooperation Agreement City of Harrisburg transferred and delegated to the Commonwealth of Pennsylvania Department of General Services ("DGS") all parking enforcement powers in designated areas of the City identified as Competing Parking Areas. DGS entered into a Parking Enforcement Engagement Agreement with PK Harris Advisors ("Harris") dated December 1, 2013, in which DGS engaged Harris to conduct certain rights and obligations relating parking enforcement services in competing parking areas.

11. Denied as stated. Harris entered into a Parking Enforcement Agreement with SP Plus dated December 1, 2013, under which SP Plus was designated as the exclusive Parking Enforcement Operator in Competing Parking Areas.

12. Denied as stated. SP Plus was the exclusive Parking Enforcement Operator in designated areas of the City.

18556911-1

13. Denied as stated for the reasons outlined in paragraph 1 of this answer.

14. Denied.

15. Denied.

16. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

17. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

18. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

19. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

20. Denied that City of Harrisburg seized the vehicle. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph of the second amended complaint and they are denied.

21. Admitted in part and denied in part. Admitted that Don's Towing towed and stored certain vehicles confiscated by the Harrisburg Bureau of Police in connection with law enforcement activities unrelated to traffic enforcement. Admitted that Harrisburg Bureau of Police may cause a licensed salvor to remove a

vehicle from public streets when authorized by law and, under certain conditions, from private property. Denied that on or about October 23, 2023, Don's Towing towed and stored the vehicle at issue at the direction of the Harrisburg Bureau of Police for unpaid tickets or for any other reason.

22. Denied. The City of Harrisburg is without knowledge or information sufficient to form a belief in the truth of the averment that SP Plus took custody of the vehicle by placing a mechanical boot on the vehicle to immobilize it. Denied that this action was taken "under the auspices of the authority of Harrisburg."

23. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

24. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

25. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

26. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment. It is explicitly denied that the vehicle was immobilized by the City of Harrisburg.

27. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

28. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

29. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

30. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

31. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

32. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

33. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief in the truth of this averment.

34. Denied as an argumentative conclusion of law to which no factual response is required. Moreover, the Commonwealth of Pennsylvania enacted one or more laws authorizing a warehouse lien for the storage of property.

35. Denied as an erroneous and argumentative conclusion of law to which no factual response is required. Santander voluntarily discontinued the Count in its original second amended complaint under which it sought relief on this basis.

36. Denied.

18556911-1

37. Denied as to City of Harrisburg. The City is without knowledge or information sufficient to form a belief in the truth of the remaining averments in this paragraph of the second amended complaint.

38. Denied.

39. Denied

40. Denied.

41. Admitted. It is expressly denied, however, that City of Harrisburg through its own enforcement officers seized the vehicle at issue in this litigation.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

47. Denied as to City of Harrisburg.

48. Denied as to City of Harrisburg.

49. Denied as to City of Harrisburg.

50. Denied as to City of Harrisburg.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied as to City of Harrisburg.

59. Denied as to City of Harrisburg.

60. Denied as to City of Harrisburg.

61. Denied as an argumentative conclusion of law to which no factual response is required.

62. Denied

63. Denied.

## Count I

64. City of Harrisburg incorporates the responses and averments in paragraphs one through fifty-seven of its answer.

65. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of this averment.

66. Denied as to City of Harrisburg.

67. Denied.

18556911-1

68. Denied that the City of Harrisburg seized the vehicle. The City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph of the complaint.

69. Denied that the City of Harrisburg seized the vehicle. The remaining averments are argumentative conclusions of law to which no factual response is required.

70. Denied that City of Harrisburg seized the vehicle.

71. Denied that City of Harrisburg seized the vehicle.

72. Denied.

73. Denied.

WHEREFORE, The City of Harrisburg demands judgment in his favor and against the plaintiff.

## Count II

74. City of Harrisburg incorporates the responses and averments in Paragraphs one through seventy-three of its answer.

75. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of the averment that Santander was the holder of a lien or other security interest in the vehicle.

76. Denied as to City of Harrisburg.

18556911-1

77. Admitted as to City of Harrisburg because the City of Harrisburg did not have the vehicle towed or otherwise participate in the seizure of the vehicle.

78. Admitted as to City of Harrisburg because the City of Harrisburg did not have the vehicle towed or otherwise participate in the seizure of the vehicle.

79. Denied as to City of Harrisburg because Harrisburg did not seize the vehicle.

80. Denied that City of Harrisburg seized the vehicle.

81. Denied as to City of Harrisburg.

82. Denied as to City of Harrisburg.

83. Denied as to City of Harrisburg.

84. Denied as to City of Harrisburg.

WHEREFORE, The City of Harrisburg demands judgment in his favor and against the plaintiff.

## Count III

85. City of Harrisburg incorporates the responses and averments in paragraphs one through eighty-four of its answer.

86. Denied. City of Harrisburg is without knowledge or information sufficient to form a belief as to the truth of the averment that Santander held a lien or other protected security interest in the vehicle.

87. Denied as to City of Harrisburg.

18556911-1

88. Denied. City of Harrisburg did not seize the vehicle.

89. Denied as to city of Harrisburg.

90. Denied as to City of Harrisburg.

91. Admitted that that City of Harrisburg did not compensate Santander because it did not take Santander's interest in the vehicle.

92. Denied as to City of Harrisburg.

93. Denied.

94. Denied.

95. Denied.

WHEREFORE, The City of Harrisburg demands judgment in his favor and against the plaintiff.

## Affirmative Defenses

### First Affirmative Defense

City of Harrisburg did not boot, tow, caused to be towed or otherwise seize the vehicle at issue in this litigation.

### Second Affirmative Defense

Santander's claims against the City are barred by its failure to avail itself of or exhaust administrative remedies.

### Third Affirmative Defense

Santander's claims against the City are barred by the unclean hands doctrine.

11

18556911-1

### Fourth Affirmative Defense

Santander's claims against the City are barred for a lack of standing.

### Fifth Affirmative Defense

Santander's claims against the City are barred by the applicable statute of limitations.

### Sixth Affirmative Defense

Santander's claims against the City are barred by its failure to give timely and adequate notice of any claim.

### Seventh Affirmative Defense

The losses and damages if any sustained by Santander were caused in whole or in part or were contributed to by conditions beyond the control of the City of Harrisburg

### Eighth Affirmative Defense

Santander's losses and damages were not caused by the City of Harrisburg but were caused solely by persons or entities other than the City over whom the City had no control.

### Ninth of Harrisburg Defense

Santander's claims are barred by the economic loss doctrine.

### Tenth Affirmative Defense

Santander's claims against the City of Harrisburg are barred by governmental immunity.

### Eleventh Affirmative Defense

Santander's claims against the City of Harrisburg are barred in whole or in part by the doctrine of proportionality.

### Twelfth Affirmative Defense

The complaint fails to state a claim for relief against the City of Harrisburg.

### Thirteenth Affirmative Defense

Santander's claims against the City are barred by its failure to join one or more indispensable parties.

### Fourteenth Affirmative Defense

Santander's claims against the City of Harrisburg should be dismissed as frivolous and vexatious because, having been placed on notice that the City did not boot, tow or caused to be towed the vehicle at issue in this litigation it nonetheless knowingly and recklessly pursued these claims without basis in law or fact thus warranting the sanction of dismissal and an award of additional sanctions including attorney's fees and costs under 42 U.S.C. §1988 among other provisions.

**Fifteenth Affirmative Defense**

Santander's claims against the City of Harrisburg are barred by the doctrine of assumption of the risk.

**Sixteenth Affirmative Defense**

Santander's claims against the City are barred or reduced by its failure to mitigate damages.

**Seventeenth Affirmative Defense**

Santander's claims against the City of Harrisburg are barred by the waiver doctrine.

**Eighteenth Affirmative Defense**

Santander's claims against the City of Harrisburg should be barred as a collateral attack upon the previously issued judgment of a court of competent jurisdiction.

**Nineteenth Affirmative Defense**

Santander is not an individual intended to be subject to the same protections afforded individuals under the Constitution of the United States.

**Twentieth Affirmative Defense**

On information and belief, Santander entered into a monetary settlement of claims for towing charges and other liquidated damages against Don's Towing relating to the towing of this vehicle. City of Harrisburg is entitled to a set-off of all

sums paid by Don's Towing in settlement of Santander's claims for liquidated damages.

WHREFORE, City of Harrisburg demands judgment in his favor and against the plaintiff.

**RAWLE & HENDERSON LLP**

By:_____
Fred B. Buck, Esquire
Identification No. 31642
Centre Square West
1500 Market Street, 19th Floor
Philadelphia, PA 19102
215-575-4200 / 215-563-2583(fax)
*fbuck@rawle.com*
*Attorney for Defendant*
*The City of Harrisburg*

Dated:  May 20, 2025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant's Answer to Second Amended Complaint with Affirmative Defenses was filed electronically with the Clerk of the District Court using its CM/ECF system, which will then electronically notify all parties of the filing.

**RAWLE & HENDERSON** LLP

By: _____
Fred B. Buck, Esquire
Identification No. 31642
Centre Square West
1500 Market Street, 19th Floor
Philadelphia, PA 19102
215-575-4200 / 215-563-2583(fax)
*fbuck@rawle.com*
*Attorney for Defendant*
*The City of Harrisburg*

Dated: May 20, 2025

18556911-1